UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SEBRON FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3088 |
| | ) | |
| JENNIFER BLAESING, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claim challenging the lack of educational and vocational opportunities.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this

1

Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges that he is denied the educational and vocational training he needs in order to obtain employment on his release.  He also alleges that he "is denied the right of advancing in the treatment process, such as a drug, occupational therapy; the therapeutic agent is presumed to be the causative agent in patient change."  What he means by this is not clear.  He also alleges that he is "confined for 22 hours a day, 7 days a week for 365 days continuously."  Lastly, he appears to challenge Defendant Blaesing's denial of his request for a job inside the Center.  He seeks an investigation and money damages.

This Court already addressed Plaintiff's pursuit of an in-house job in Plaintiff's prior case, Floyd v. Blaesing, 11-CV-3444.  As stated in the Court's opinion dismissing that case, Plaintiff has no federal right to a job during his detention.  Nor does he have any federal right to educational or vocational training.  *See*  Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir. 1991)(prisoner has no constitutional right to particular job assignment)*;* Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities); Elliott v. Baker, 2008 WL 4876871 *2 (N.D. Ill. 2008)(not published in F.Supp.2d)("The federal Constitution does not require state authorities to provide convicted prisoners educational, rehabilitative, or vocational

opportunities . . . . The Court is unaware of any authority, nor does Elliott cite any, suggesting that the rules are different for civilly committed persons."). His cites to various federal statutes do not create such rights. Additionally, the resident handbook does not create any federal rights.

In sum, providing meaningful opportunities for residents to further their education and acquire job skills may be wise, but the State is not required by federal law to do so.

What Plaintiff means by his allegation that he is "denied the right of advancing in the treatment process" is unclear. If he is challenging the lack of vocational or educational opportunities, or the lack of a job, he states no claim for the reasons already discussed. If he is challenging some other kind of denial of needed therapy, this allegation is too vague to plausibly infer a viable claim. Also too vague is his claim that he is confined 22 hours a day. If Plaintiff is referring to the fact of his confinement in the Center itself, no plausible claim arises. If Plaintiff means that he is confined to a cell 22 hours every day, he may state a plausible claim depending on the circumstances, but the allegations are too vague to draw that inference.

Accordingly, Plaintiff's current allegations state no claims. His petition to proceed in forma pauperis will therefore be denied and this case will be closed. If

Plaintiff believes he can file an amended complaint that states a claim about the denial of therapy and/or the 22-hour per day confinement, he may move to reopen this case with a proposed amended complaint by June 29, 2012.

IT IS THEREFORE ORDERED that Plaintiff's petition to proceed in forma pauperis is denied (d/e 2) because he fails to state a federal claim for relief. The hearing scheduled for June 11, 2012, is cancelled as unnecessary. The clerk is directed to notify Plaintiff's detention facility of the cancellation. All pending motions are denied as moot, and this case is closed.

ENTERED: June 4, 2012

FOR THE COURT:

                                       **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                                     UNITED STATES DISTRICT JUDGE